*466 OPINION.
Tetjssell
: The main issue presented in this appeal - involves the March 1, 1913, value of certain real property acquired by the taxpayer on July 1, 1912, for $8,500 and sold on August 1, 1919, for $15,000. The taxpayer, in support of its claim that the March 1, 1913, value was $12,500, contends that, in view of the decision to build a bridge across the Tennessee River from Market Street to the north bank, the property values were greatly increased prior to March 1, 1913. The Commissioner, in support of his claim that the March 1, 1913, value was $8,500, the amount of the purchase price on July 1, 1912, contends that there was no change in the status of the bridge question from the date of the purchase until January, 1914, and consequently no increase in the value of the property during that period.
The public records set out in the findings of fact show that the final action locating the bridge at Market Street was in January, 1914, but there had been some agitation since 1909 for the building of a bridge, and from the evidence it seems that public opinion had crystallized in the latter part of 1912 and in the early part of 1913, and centered on the location of the bridge at Market Street. The demand for property is what sets the price-, the same as for any commodity, and the offer made áor a certain piece of property and the sale price of nearby property is the best evidence of the value of that piece of property. In June, 1912, there was sold for $6,500 lot No. 5, 50 by 200 feet, with a two-story brick building thereon. In May, 1913, there was soid for $12,000 lot No. 7, 50 by 200 feet, with improvements of little or no value, and the same lot was worth no more than $6,500 in June, 1912. The taxpayer bought in July, 1912 for $8,500 lot No. 2, 50 by 243 feet, with a two-story brick building thereon, and in January or February of 1913 received an offer of $12,500 for the property.
Whether or not the County Court had finally decided to locate the bridge at Market Street, the- General Assembly of the State had authorized the construction of the bridge in that locality, public opinion had centered on Market Street as the location, and there was a demand for property on Market Street, thus increasing the value of the property. Property owners are always keen to sense the effect of coming events upon values of their property. They do not wait *467 for the actual construction of a public improvement but they discount the effect of such improvement upon their, property values as soon as the expectancy of such improvement has become fixed in the public mind, and both sellers and buyers seek to benefit from the anticipated effect of such improvements. The two sales herein referred to as made in June and July, 1912, and the sale made in June, 1913, seem to be convincing evidence that the increase in. the value of properties in the neighborhood in question took place between July, 1912, and June, 1913. We are of the opinion that the gain realized from the sale of the property in question should be computed on the basis of a March 1, 1913, value of $12,500, and have so found. In all other respects the determination of the Commissioner is approved.

Order of redeterrmnation will he entered on 15 days’ notice, under Rule 50.